IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANKLIN S. DENAULT, #09047-025,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-00102-JPG |
| ) | |
| **DEPARTMENT OF JUSTICE,** ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **D. SPROUL,** ) | |
| **J. COWLEY,** ) | |
| **LESLIE BROOKS,** ) | |
| **and USP-MARION,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Franklin Denault is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently confined at the Federal Correctional Institution located in Seagoville, Texas (FCI-Seagoville). He brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff claims he was denied medical care for seizures at the United States Penitentiary at Marion, Illinois (USP-Marion). (*Id*. at 6-30). When he requested treatment, he was instead subjected to excessive force that resulted in further untreated injuries. (*Id*.). He seeks money damages. (*Id*. at 7).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

1

At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6, 8-30): Plaintiff suffered a seizure three weeks after transferring to USP-Marion. (*Id*. at 6). Lieutenant Cowley responded by slamming Plaintiff into a wall, cuffing him behind the back, and jerking the cuffs up between his shoulder blades. Lieutenant Cowley then took Plaintiff to the prison's health care unit but would not let him speak with the nurse. He instead escorted Plaintiff to a van driven by Lieutenant Watts.[1] When Lieutenant Cowley noticed that Plaintiff had worked his hands down from between his shoulder blades, the lieutenant jerked Plaintiff's hands back up so hard that the movement tore his right rotator cuff. Plaintiff was denied treatment for this injury as well. (*Id*.).

Plaintiff was placed in the special housing unit (SHU) for 120 days without medical care for either condition. (*Id*.). During this time, he continued to suffer seizures. Leslie Brooks and an unidentified assistant warden joked that Plaintiff was faking both conditions. Plaintiff's epilepsy was confirmed on January 31, 2020, and his shoulder injury was obvious.[2] As a result of the denial of treatment, Plaintiff suffered permanent brain damage and shoulder injuries. (*Id*.).

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his seizures for four months at USP-Marion.
>
> **Count 2:** Eighth Amendment claim against Lieutenant Cowley for using excessive force against Plaintiff by slamming him against the wall, cuffing him behind the back, and jerking his cuffs until he sustained a right rotator cuff injury at USP-Marion.

---

[1] Lieutenant Watts is not named as a defendant in the case caption or list of defendants, and Plaintiff brings no claim against this individual. All claims against him or her are considered dismissed without prejudice.
[2] Plaintiff asserts that his right shoulder rests two inches below his left shoulder. (*Id*. at 6).

>   **Count 3:**     Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his right rotator cuff injury for four months at USP-Marion.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Discussion

*Bivens* provides an implied damages remedy for a limited set of constitutional deprivations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In *Ziglar v. Abbasi*, 137 U.S. 1843 (2017), the Supreme Court held that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. The Court cited three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Id*. at 1854-55 (citations omitted).

Plaintiff's medical deliberate indifference claims in Counts 1 and 3 represent one of these three contexts. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Because actions brought under § 1983 and "those of the *Bivens*-type are conceptually identical and further the same policies, courts have frequently looked to [§ 1983] and [its] decisional gloss for guidance" in construing the scope of the *Bivens* remedy. *Id*. An Eighth Amendment claim has an objective and a subjective component. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To satisfy the objective component, the plaintiff must describe an objectively, sufficiently serious medical need—which is "one that has been diagnosed by a physician as

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 810 (7th Cir. 2000) (internal citation omitted)). The allegations suggest that Plaintiff's seizures and torn rotator cuff were sufficiently serious to satisfy the objective standard.

To satisfy the subjective standard, the plaintiff must describe deliberate indifference on the part of each defendant. The subjective standard is satisfied at screening, if the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Gutierrez v. Peters*, 111 F.3d 1363, 1369 (7th Cir. 1997). The allegations support a deliberate indifference claim against Lieutenant Cowley and P.A. Leslie Brooks for their response to Plaintiff's seizures (Count 1) and torn rotator cuff (Count 3). Accordingly, Counts 1 and 3 shall receive further review against both of these defendants.

Although the allegations offered in support of Count 2 support an Eighth Amendment deliberate indifference claim against Lieutenant Cowley, it is unclear whether the implied damages remedy in *Bivens* is available for this claim post-*Abbasi*. Courts considering this issue are split on whether excessive force claims present a new *Bivens* context and, if so, whether special factors counsel hesitation in expansion of the implied damages remedy into this new context. This Court notes the issue, but saves it for another day—and a more complete record following briefing on this issue. For now, Count 2 shall proceed against Lieutenant Cowley.

Counts 1, 2, and 3 shall not proceed against any other defendants. Defendant Sproul is named as a defendant, but this individual is not mentioned in the statement of claim. Merely naming someone as a defendant is not enough to state a claim against him or her. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, this defendant cannot be held liable under

4

*Bivens* based on his or her supervisory role over the individual employees who harmed Plaintiff and denied him medical care. Defendant Sproul shall be dismissed without prejudice from this action.

The Department of Justice, Federal Bureau of Prisons, and USP-Marion shall be dismissed with prejudice. Although *Bivens* offers a damages remedy for certain constitutional violations against *individual* federal officers, the remedy does not extend to their employers, entities, or federal agencies, such as the Department of Justice, Federal Bureau of Prisons, or USP-Marion. *See Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005) (citing *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 66, 71-72 & n.2 (2001); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002)). *See also F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). These agencies and prison shall be dismissed with prejudice.

## **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 16) shall be **GRANTED**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. Plaintiff has satisfied these requirements by demonstrating reasonable efforts to find an attorney on his own without any success and disclosing medical conditions (which include allegations of brain damage and difficulty concentrating caused by seizures) warrant the recruitment of counsel on his behalf at this early stage in the case. Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff *in this case*.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **3** will receive further review against Defendants **LESLIE BROOKS** and **J. COWLEY**, and **COUNT 2** will receive further review against Defendant **J. COWLEY**. However, the **DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS,** and **USP-MARION** are **DISMISSED** with prejudice, and **D. SPROUL** is **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against them. **The Clerk of Court is DIRECTED to TERMINATE these defendants as parties in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **LESLIE BROOKS** and **J. COWLEY**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **LESLIE BROOKS** and **J. COWLEY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order</u>**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

### Assignment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 16) is **GRANTED**. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Louis J. Meyer** of **Meyer & Kiss, LLC** located in Peoria, Illinois, is **ASSIGNED** to represent Plaintiff in this civil

rights case.  On or before **June 1, 2021**, assigned counsel shall enter his appearance in this case. Attorney Meyer is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 1 to attorney Meyer.  The electronic case file is available in CM-ECF.

**Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation.**  If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available.  The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.  Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will

be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**FRANKLIN S. DENAULT, #09047-025**
**FEDERAL CORRECTIONAL INSTITUTION - SEAGOVILLE**
**Inmate Mail/Parcels**
**P.O. BOX 9000**
**Seagoville, TX 75159**

**IT IS SO ORDERED.**

**DATED: 5/17/2021**

                                                          s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.