UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANKLIN S. DENAULT,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, FEDERAL
BUREAU OF PRISONS, D. SPROUL, J.
COWLEY, LESLIE BROOKS, and USP-
MARION,,

    Defendants.

Case No. 21-cv-102-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 60) of Magistrate Judge Reona J. Daly. After holding a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on June 21, 2022, Magistrate Judge Daly recommends that the Court grant the motion for summary judgment filed by defendants J. Cowley and Leslie Brooks (Doc. 36) and dismiss plaintiff Franklin S. Denault's claims against them without prejudice for failure to exhaust administrative remedies. Denault has objected to the Report (Doc. 61).

**I.**     **Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. Report and Objections

Denault is an inmate in the custody of the Bureau of Prisons ("BOP"). This case arose from events Denault alleges occurred while he was incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion") in late 2019 to early 2020. Specifically, he claims that Cowley used excessive force to handcuff him, causing a torn rotator cuff, and that Cowley and Brooks denied him medical care for a four-month period for seizures and his rotator cuff injury. Magistrate Judge Daly reviewed the life of every arguably relevant Administrative Remedy Request ("ARR") and appeal of a Disciplinary Hearing Officer ("DHO") decision Denault filed, dividing them into batches #1 through #5 by their grievance of origin. She found that none of them, individually or in combination, were sufficient to properly exhaust administrative remedies as required by federal law for any claim in this case. She further rejected Denault's argument that he should be excused from exhaustion because, for a variety of reasons, the grievance process was not available to him.

### A. Count 1

Specifically with respect to Count I, Denault's claim that Cowley and Brooks were deliberately indifferent to his need for treatment of his seizure disorder, Magistrate Judge Daly found that only one ARR batch (Batch #1 originating in Remedy ID 1003930) mentioned insufficient medical treatment for seizures. However, Denault only mentioned it in passing in the ARR to the warden and not at all in his appeals. Magistrate Judge Daly further found that Denault mentioned a seizure as a defense to a charge resulting in an adverse DHO decision in another batch (Batch #4 originating in Remedy ID 1011084) but did not complain about inadequate medical care for seizures, and even if he had, his grievance and appeals were untimely.

B.    <u>Count 2</u>

Specifically with respect to Count 2, Denault's claim that Cowley used excessive force when handcuffing him on November 11, 2019, Magistrate Judge Daly found Denault did not ever grieve this event. Based on Denault's hearing testimony, she found Denault had access to the necessary forms to file an ARR but that he used the form for a different purpose. She further found that, even if he had filed a "sensitive BP-9" on the issue and did not receive a response, he never appealed the non-response. Generally, based on Denault's demeanor while testifying, inconsistencies in his testimony, and his vague and confusing testimony, Magistrate Judge Daly found that he lacked credibility.

C.    <u>Count 3</u>

Specifically with respect to Count 3, Denault's claim that Cowley and Brooks were deliberately indifferent to his need for treatment of his rotator cuff injury, Magistrate Judge Daly found that only two ARR batches (Batch #1 originating in Remedy ID 1003930; Batch #3 originating in Remedy ID 1008419) mentioned insufficient medical treatment for Denault's shoulder injury. Denault filed his appeal in Batch #1 late, without adequate explanation for his delay, and abandoned his appeal in Batch #3 once he was given an opportunity to refile a prior delinquent appeal. Magistrate Judge Daly concluded that in neither batch did Denault properly exhaust all the administrative remedies available to him.

She further rejected Denault's argument that the delays and delinquencies were not his fault. Instead she found that his claim that the remedy process was unavailable was belied by his other contemporaneous uses of the process, and that any confusion that resulted from transfers or erroneous information from BOP staff was able to be, but was not, remedied by opportunities and explanations he was given about how to fix his filings. Again, Magistrate

Judge Daly found that Denault's hearing testimony on the matter lacked credibility.

    D.    <u>Objections</u>

Denault does not object to Magistrate Judge Daly's findings regarding the failure to exhaust the ARR process. Instead, he objects to the finding that the ARR process was actually available to him. While the Court reviews the issue of availability *de novo*, it finds the remainder of the Report's findings and conclusions not clearly erroneous or contrary to law and, accordingly, adopts those portions.

Denault faults Magistrate Judge Daly with failing to address his testimony that he submitted an emergency grievance against Cowley on December 6, 2019, that was never turned over to the grievance officer and to which he never received a response. Instead, he was informed it was turned over to someone other than a grievance officer. Without a written response, Denault argues that the next level of appeal was unavailable to him. Denault also faults Magistrate Judge Daly's reliance on a BOP employee's declaration to support the conclusion that no such emergency grievance was filed/

Denault claims Magistrate Judge Daly had no evidentiary support for her findings (1) that he had the necessary access to legal resources to file an administrative appeal during COVID lockdowns, and (2) that he actually received the prison handbook setting forth the grievance procedure.

Finally, he claims the grievance process was incomprehensible regarding how it was to be used in the midst of his transfers between institutions, rendering it the whole process unavailable.

**III.**    **Analysis**

As noted in the Report, 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative

remedies before filing suit.   *Ross v. Blake*, 578 U.S. 632, 639 (2016); *Woodford v. Ngo,* 548 U.S. 81, 93 (2006).   However, a prisoner plaintiff need only exhaust remedies that are "available" to him, that is, that are "capable of use . . . to obtain some relief."   *Ross*, 578 U.S. at 642 (internal quotations omitted).   A remedy can be deemed unavailable if, for example:

- "despite what regulations or guidance materials may promise[,] it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," *Ross*, 578 U.S. at 643 (citing *Booth v. Churner*, 532 U.S. 731, 736, 738 (2001);

- "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use," because "no ordinary prisoner can discern or navigate it," *Ross*, 578 U.S. at 643-44; or

- "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *id.* at 644 (citing *Woodford*, 548 U.S. at 102).

This list is not exhaustive.   *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).   Because it is the defendants' burden to prove the affirmative defense of failure to exhaust, it is also their burden to show remedies were actually available to exhaust.   *Id.* at 534-35.

As a preliminary matter, Denault asserts in his objection that he filed an *emergency* grievance about Cowley's use of excessive force, but he actually testified that it was a *sensitive issue* ARR.   They are not the same thing.   When a problem "is determined to be of an emergency nature which threatens the inmate's immediate health or welfare," the warden has a shortened time to respond—3 days rather than the ordinary 20 days.   28 C.F.R. § 542.18.   This is an "emergency grievance."   A sensitive issue grievance, on the other hand, is one that would place the inmate's safety and well-being in danger if it were known at the institution where he would normally file the grievance.   28 C.F.R. § 542.14(d)(1).   When an inmate has a complaint about what he reasonably believes is a sensitive issue, he may skip the institutional ARR and go

straight to the BOP Regional Director.  *Id.*   That is what Denault claims he did.

Magistrate Judge Daly found Denault was not credible in his testimony that he filed a BP-9 sensitive issue ARR on December 6, 2019.  However, even if Denault had, in fact, filed such an ARR that he intended to go directly to the Regional Director, the Regional Director would have had 30 days to respond.  28 C.F.R. § 542.18.  When Denault did not receive a response within that time period, his sensitive issue ARR would have been deemed denied, *id.* ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."), and Denault could have appealed that denial to the General Counsel, 28 C.F.R. § 542.15(a).  The credible evidence establishes that he did not, and he has not offered any reason other than the lack of a response that he did not proceed further.  But as noted above, a lack of a response is deemed a denial that can be further appealed.  For this reason, the Court finds, after *de novo* review, that to whatever extent Denault filed a BP-9 sensitive issue ARR, additional remedies were available to him, and he did not exhaust them.

There was also credible evidence in the record that, despite COVID-19 lockdowns, Denault had resources to know how to and to actually navigate the administrative process.  He testified that he received information during prison orientation and received the prison handbook when he arrived at USP-Marion, and his testimony revealed he was well-acquainted with the process.  He clearly had the ability to do what was needed to appeal an adverse administrative decision.  Furthermore, although his access to library services was limited, he was able to use the administrative process to submit unrelated grievances and appeals during the same general time period.  Denault's protestations that he could not use the library to file an appeal are belied by his actual conduct in filing and appealing ARRs using the services he testified he was still

able to access during lockdown.

Finally, Denault claims the administrative process was so convoluted, especially when he was transferred between institutions, that it was, as practical matter, impossible to follow. While a process that was truly impossible to follow might excuse completing that process, it was not impossible for Denault. To the extent that he made mistakes, and he made a few, each time BOP officials advised him of how to correct those mistakes (if they were correctable) to continue the administrative appeal process. He failed to follow those instructions to their conclusion, and that was the reason he did not exhaust his remedies, not any inherent impossibility of completing the process. Thus, the full administrative process was available to him; he simply chose not to pursue it to exhaustion.

To the extent the foregoing conclusions by Magistrate Judge Daly rested on Denault's lack of credibility, the Court has reviewed the hearing and appreciates the reasons Magistrate Judge Daly made the credibility determination she did. The transcript shows generally that Denault's testimony was inconsistent and that his manner of speaking, at least to the extent reflected in the transcript, did not inspire confidence in what he said. Magistrate Judge Daly was correct in her finding that Denault lacked credibility when he testified the ARR process was unavailable to him.[1]

## IV.  Conclusion

For the foregoing reasons, after *de novo* review of the points to which Denault objected, the Court finds Magistrate Judge Daly was correct in her conclusions for the reasons she gave

---

[1] Denault expresses disappointment that the defendant did not present one witness live so he could cross examine her and that it did not possess a transcript of the hearing. Both of these options were available to Denault: he could have subpoenaed the witness to testify and he could have ordered a copy of the transcript from the court reporter. He chose not to do these things, so he cannot now complain about his choices.

and those set forth above. The remainder of the report is not clearly erroneous or contrary to law. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 60);

- **OVERRULES** Denault's objections (Doc. 61);

- **GRANTS** the motion for summary judgment filed by J. Cowley and Leslie Brooks (Doc. 36);

- **DISMISSES** Denault's claims against J. Cowley and Leslie Brooks **without prejudice** for failure to exhaust administrative remedies;

- **DENIES as moot** the motion for reconsideration by J. Cowley and Leslie Brooks (Doc. 55) in light of this dismissal; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   September 6, 2022**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**